[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15165
Non-Argument Calendar

_____

D.C. Docket No. 0:04-cr-60275-JIC-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY JEROME BELL,
a.k.a. Amp,
a.k.a. Ant,
a.k.a. Huckabuck,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 7, 2016)

Before TJOFLAT, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Anthony Jerome Bell appeals the district court's denial of his motion to reduce his sentence of 360 months in prison based on Amendment 782 to the Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(2). Bell was sentenced as a career offender under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1, but the offense level used to calculate his guideline range was derived using the drug-quantity table in U.S.S.G. § 2D1.1, because the § 2D1.1 offense level was greater than the offense level under the career-offender table. *See* U.S.S.G. § 4B1.1(b) ("[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply.").

Relying on that quirk, Bell argues that he is eligible for a sentence reduction because Amendment 782, which lowered the base offense levels in the drug-quantity table, lowered the guideline range on which his sentence was based. He also argues that, under current law, he is not a career offender because the prior convictions used to enhance his sentence no longer qualify as predicate crimes of violence. After careful review, we affirm the denial of Bell's § 3582(c)(2) motion.

2

**I.**

After a jury trial, Bell was convicted of conspiracy to possess with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841. Bell's presentence investigation report ("PSR") calculated his base offense level at 38 using the drug-quantity table in § 2D1.1(c). The PSR added a two-level increase for possession of a firearm and a two-level increase for obstruction of justice, yielding an adjusted offense level of 42.

The PSR also determined that Bell was a career offender, under U.S.S.G. § 4B1.1, for having at least two prior felony convictions for crimes of violence. Relevant to this appeal, Bell had two Florida state convictions for carrying a concealed weapon. Due to his career-offender status, Bell's criminal history category rose from V to VI. *See* U.S.S.G. § 4B1.1(b) ("A career offender's criminal history category in every case . . . shall be Category VI.").

Under the career-offender table, Bell's offense level was 37, because the statutory maximum penalty for Bell's instant convictions was life imprisonment. *See* U.S.S.G. § 4B1.1(b)(1). However, because the offense level from the career-offender table (level 37) was less than the offense level for the underlying offense (level 42), the PSR followed the instructions of § 4B1.1(b) and used the greater of

3

the two levels (level 42) to determine Bell's guideline range.  This established a guideline range of 360 months' to life imprisonment.

At Bell's sentencing in 2005, the district court overruled Bell's objection to the career-offender enhancement and stated that Bell "qualifie[d] as a career offender."  The court also overruled Bell's other objections to the PSR and adopted the guideline range calculated therein.  The court sentenced Bell to a total term of 360 months in prison.  We affirmed Bell's sentence on direct appeal, concluding that his two prior convictions for carrying a concealed weapon constituted crimes of violence and that the § 4B1.1 career-offender enhancement was properly applied.  *United States v. Bell*, 218 F. App'x 885, 898-99 (11th Cir. 2007).

In 2014, the Sentencing Commission issued Amendment 782, which further reduced the offense level for certain drug-trafficking offenses.  In 2015, Bell filed the present counseled § 3582(c)(2) motion.  Bell argued that even though he was found to be a career offender, he was not sentenced as such, so he should be able to benefit from reductions to the drug-quantity table in § 2D1.1(c) on which his guideline range was based.  He also noted that in 2008, this Court reversed its prior precedent, in light of the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137, 128 S. Ct. 1581 (2008), and held that "the crime of carrying a concealed firearm may no longer be considered a crime of violence under the Sentencing Guidelines."  *United States v. Archer*, 531 F.3d 1347, 1351-52 (11th Cir. 2008).

4

The district court denied Bell's § 3582(c)(2) motion. The court agreed with the government that Bell was ineligible for a sentence reduction due to his career-offender status. The court also noted that Bell could not challenge his status as a career offender in the limited § 3582(c)(2) proceeding. Bell now brings this appeal.

## II.

We review *de novo* a district court's legal conclusions about the Sentencing Guidelines and the scope of its authority under 18 U.S.C. § 3582(c)(2). *United States v. Davis*, 587 F.3d 1300, 1303 (11th Cir. 2009).

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). In considering a § 3582(c)(2) motion, a district court must recalculate the applicable guideline range by substituting only the amended guideline for the one originally used. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000); *see* U.S.S.G. § 1B1.10(b)(1). "All other guideline application decisions made during the original sentencing remain intact." *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998).

The overarching purpose of § 3582(c)(2) is to "give[] the defendant an opportunity to receive the same sentence he would have received if the guidelines

that applied at the time of his sentencing had been the same as the guidelines that applied after the amendment." *United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012). In other words, the "goal is to treat a defendant sentenced before the amendment the same as those sentenced after the amendment." *Id.*

A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Therefore, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008).

Here, the district court properly found that Bell was ineligible for a sentence reduction due to his career-offender status. It is undisputed that the court found Bell to be a career offender at his original sentencing, even if that determination now appears to be clearly erroneous. Therefore, we must re-apply the career-offender guideline, § 4B1.1, when determining the effect of Amendment 782. *See Vautier*, 144 F.3d at 760. Section 4B1.1(b) provides, in relevant part, "[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply." U.S.S.G. § 4B1.1(b). The career-offender table sets forth

6

various offense levels based on the severity of the underlying offense, by reference to the maximum sentence authorized by statute. *See id.*

At Bell's original sentencing, the district court used the offense level "otherwise applicable"—the one calculated using § 2D1.1—because it was greater than the career-offender offense level. *See id.* After Amendment 782, and assuming Bell's calculations are accurate, that is no longer the case. Bell's offense level under the career-offender table (level 37) is now greater than the offense level otherwise applicable (level 36). As a result, if Amendment 782 had been in effect at the time of Bell's original sentencing, the court would have used level 37 instead of level 36 to calculate his guideline range. *See Glover*, 686 F.3d at 1206. Using an offense level of 37, along with the original criminal history category of VI, establishes the same guideline range of 360 months' to life imprisonment. Accordingly, Bell is not eligible for a reduction because, while Amendment 782 reduced his base offense level, the amendment did not have the effect of lowering his applicable guideline range. *See* U.S.S.G. § 1B1.10(a)(2)(B); *see also Moore*, 541 F.3d at 1330.

Bell contends that re-applying the career-offender guideline, when it clearly no longer applies under *Archer*, violates the goal of § 3582(c)(2), which is "to treat a defendant sentenced before the amendment the same as those sentenced after the amendment." *Glover*, 686 F.3d at 1206. He asserts that a defendant today "with

the same record as Mr. Bell would not be sentenced as a career offender." True enough, but Bell's argument misunderstands the limited scope of the § 3582(c)(2) proceeding.

The Supreme Court has made clear, consistent with our long-settled precedent, that § 3582(c)(2) "does not authorize a sentencing or resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825, 130 S. Ct. 2683, 2690 (2010); *Bravo*, 203 F.3d at 781. Rather, the § 3582(c)(2) proceeding is limited to determining the effect, and potentially giving the defendant the benefit, of a retroactively applicable amendment to the Sentencing Guidelines, leaving all other original sentencing decisions unchanged. *Bravo*, 203 F.3d at 781; *see* U.S.S.G. § 1B1.10. In that way, § 3582(c)(2) permits courts to treat defendants who were sentenced both before and after the amendment the same, but only with respect to that specific, retroactively applicable amendment. *See Glover*, 686 F.3d at 1206 ("The purpose of § 3582(c)(2) is to give a defendant the benefit of a retroactively applicable amendment to the guidelines."). Treating Bell the same as a similarly situated defendant sentenced today in *all* respects would convert the limited proceeding authorized by § 3582(c)(2) into a full resentencing.

While we understand Bell's efforts to achieve some relief from his career-offender status, § 3582(c)(2) does not authorize the relief he seeks. Section 3582(c)(2) "does not grant to the court jurisdiction to consider extraneous

8

resentencing issues" such as his challenge to the application of the career-offender enhancement. *Bravo*, 203 F.3d at 782; *see Dillon*, 560 U.S. at 831, 130 S. Ct. at 2694 (under § 3582(c)(2), "any mistakes committed at the initial sentencing are imposed anew if they are not corrected"). The rule of lenity does not apply in these circumstances because the statute is not ambiguous. *See Dillon*, 560 U.S. at 825-27, 831, 130 S. Ct. at 2690-91, 2694.

In sum, we affirm the denial of Bell's § 3582(c)(2) motion because, due to his status as a career offender, Amendment 782 did not have the effect of lowering his applicable guideline range. *See* U.S.S.G. § 1B1.10(a)(2)(B).

**AFFIRMED.**

9